1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD DEGNER,

11              Plaintiff,                          No. CIV S-10-1673 JAM EFB P

12        vs.

13   ATHANASSIOUS,

14              Defendant.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

17   brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

18   pursuant to 28 U.S.C. § 636(b)(1).  On October 7, 2010, the court screened plaintiff's June 30,

19   2010 complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim for

20   relief against defendant Athanassious.  Liberally construed, the complaint alleges both a state

21   law negligence claim and an Eighth Amendment deliberate indifference claim.

22        On March 29, 2011, defendant Athanassious moved under Rule 12(c) of the Federal

23   Rules of Civil Procedure for judgment on plaintiff's state law negligence claim on the ground

24   that plaintiff had not plead compliance with the California Government Claims Act ("Act").[1]

25   _____

26        [1] Athanassious filed an answer on February 11, 2011.

1

The Act requires that a plaintiff who seeks to prosecute a claim for damages against a state employee first present that claim to the California Victim Compensation and Government Board within six months of the accrual of the claim, to obtain leave to file a late claim, or to obtain judicial relief from the claim-presentation requirement.  Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 911.4, 911.6, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004).  To state a tort claim against a state employee, the plaintiff must allege compliance with the presentation requirement.  *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff did not allege such compliance in his complaint.

On May 4, 2011, plaintiff filed a "Letter to U.S. District Judge and Magistrate Judge," requesting that the court "take judicial notice that [he] did not file [his] complaint under negligence [], but rather deliberate indifference."  Dckt. No. 20.  Plaintiff requested that the court deny defendant's motion on that ground.  The court construes plaintiff's letter as a statement of non-opposition to dismissal of plaintiff's state law negligence claim, on the ground that plaintiff did not to intend to pursue a negligence claim, but rather intended to pursue only an Eighth Amendment deliberate indifference claim.

Given that plaintiff has not alleged compliance with California's tort claim presentation rules, and that he does not oppose dismissal of any state law negligence claim, the court finds that defendant's motion for judgment on the pleadings as to the negligence claim must be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's March 29, 2011 motion for judgment on the pleadings as to plaintiff's state law negligence claim be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  May 20, 2011.

4   

5   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26